U. S. SEAL, *Receiver v.* DREAMA R. GWINN, *Admx.*

(No. 7807)

Submitted May 8, 1934.   Decided May 22, 1934.

*H. L. Van Sickler,* for appellant.
*Price & McWhorter,* for appellee.

LITZ, JUDGE:

This is a suit to enjoin an action in detinue and to sell the property involved for debt.

Josephine R. Gwinn, who died in 1924, left her property, by will, in trust for the benefit of her son, David R. Gwinn, and appointed O. D. Massey as executor and trustee to settle the estate and administer the trust. Having qualified and executed bond as such executor and trustee, soon after the death of the testatrix, Massey maintained his fiduciary account in the Alderson National Bank (Alderson, West Virginia), of which he was cashier. According to the records of the bank as interpreted by the testimony of plaintiff, Massey, as executor and trustee of the Gwinn estate, December 13, 1927, exe-

cuted and discounted at the bank a note for $4,500.00, discounted at the bank a note executed by Karl D. Massey, maker, and indorsed by Carrie J. Massey for $4,000.-00, deposited in the bank to the credit of the Gwinn estate the proceeds of both notes, amounting to $8,383.00, and applied the same to the payment of two checks drawn by himself as executor of the estate on the bank and payable to J. M. Alderson, trustee in bankruptcy of David R. Gwinn, a bankrupt, for $6,912.79 and $2,384.65, respectively; December 19, 1927, he repaid to the bank $3,430.-00 of the $4,500.00 note; and January 6, 1928, executed a note to the bank for $2,000.00 to cover the remainder of the $4,500.00 note and $930.00 then received by him from the bank. He also deposited with the bank two government bonds of $1,000.00 each, owned by the estate, to secure the new note. Massey died in September, 1931, and defendant, Dreama R. Massey, qualified as administratrix d. b. n. c. t. a. of the estate. She promptly instituted the action in detinue against plaintiff, U. S. Seal, as receiver of the bank, for the recovery of the two bonds. This suit was then brought to enjoin the action in detinue and obtain a decree for the sale of the bonds to pay the note. A decree, overruling the motion of defendant to dissolve a preliminary injunction awarded upon the bill and its exhibits, was reversed on a former appeal and the cause remanded for further proceedings. 113 W. Va. 382, 168 S. E. 139. The decree now complained of, entered upon the bill, answer and proof, enjoined the action in detinue, rendered judgment against defendant in favor of plaintiff for $1,290.00 and directed sale of the bonds to satisfy the same.

The grounds relied upon for reversal are (1) that Massey, as executor and trustee, was without authority to borrow money for the estate, and (2) that the estate did not benefit from the loans to him by the bank.

As the evidence, in our opinion, sufficiently establishes the fact, contended for by plaintiff, that $1,070.00 of the $2,000.00 note was paid to the trustee in bankruptcy of David R. Gwinn, sole beneficiary under the will, plaintiff

was entitled to the judgment for this amount with interest.

Assuming that Massey was not authorized to borrow money in his fiduciary capacity, defendant cannot repudiate his unauthorized acts without restoring the benefits thereby resulting to the estate. "A principal, benefited by an unauthorized act of his agent, cannot deny the authority of the agent to do the act from which such benefit accrued, without first having restored the property or other thing so acquired, or paid to the injured party the value thereof." *Bank and Trust Co.* v. *Lumber Co.*, 70 W. Va. 558, 74 S. E. 674.

The decree of the circuit court is therefore affirmed.

*Affirmed.*